JAMES N. WALL, trustee, plaintiff in error, *vs.* J. L. CLARK *et al.*, defendants in error.

Where a sheriff's answer to a rule for money arising from a sale of perishable property, sets up a certain amount as expenses incident to

keeping and selling the same, a claimant of the proceeds thereof should have traversed the answer, if dissatisfied with the amount charged. In the absence of such traverse, there was no error in allowing the account.

Sheriffs. Claims. Practice in the Superior Court. Before Judge POTTLE. Oglethorpe Superior Court. October Adjourned Term, 1876.

Reported in the decision.

J. D. MATHEWS; J. T. OLIVE, for plaintiff in error.

J. T. OSBORNE; JNO. C. REED; W. G. JOHNSON, by brief, for defendants.

WARNER, Chief Justice.

It appears from the record and bill of exceptions in this case, that the sheriff of Oglethorpe county levied a *fi. fa.*, in favor of Clark *vs.* W. M. Brawner, on certain property therein described, to-wit: one sorrel mare, one small brindle ox, twenty five bushels corn, eight hundred pounds fodder, and eleven hundred pounds seed cotton, as the property of the defendant, which was claimed by the trustee of Mrs. Sallie N. Brawner as belonging to her and her children. The property levied on being of a perishable nature, it was sold by the sheriff under an order of the ordinary, obtained at the instance of the claimant, and brought the sum of $158.51. The plaintiff in *fi. fa.* ruled the sheriff for the money in his hands arising from the sale of said property. The sheriff answered the rule, and returned the *fi. fa.* with the entries made thereon as a part of his answer, which was not traversed, from which it appeared that the sheriff had charged for services, costs on *fi. fa.*, commissions for selling, and costs of gathering crop, $60.71, leaving a balance of $97.81. By consent of the parties, an issue was formed and ordered to be tried by the court, as to whether the

money arising from the sale of the property belonged to the claimant or to the defendant in *fi. fa..* The jury, on the trial of that issue, found a verdict in favor of the claimant. In disposing of the rule against the sheriff, the court allowed the sheriff the expense incurred by him in selling the property, gathering the crop, feeding the stock, and for hauling, amounting to $51.20, the same being $9.51 less than the sheriff claimed in his return, and ordered that the balance be paid to the claimant. The court further ordered that the costs of the levy, and all the other court costs, be paid by the plaintiff in *fi. fa.* Whereupon the claimant excepted.

We find no error in the ruling of the court in view of the facts contained in the record. If the claimant thought that the sheriff had charged too much for expenses incurred by him in selling the property, gathering the crop, feeding the stock, and for hauling, he should have traversed his answer. When the answer is not denied, the rule against the sheriff " shall be discharged, or made absolute, according as the court may deem the answer sufficient or not." Code, §3954.

Let the judgment of the court below be affirmed.